UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                              Case No. 17-Cr-207-pp

SHAFIA M. JONES,

      Defendant.

**ORDER SUMMARILY REMANDING STATE COURT
CRIMINAL CASE (DKT. NO. 1)**

On November 28, 2017, the court received a "Notice of Removal pursuant to 28 U.S.C. §1455" from Shafia Jones, asking the court to remove a state criminal case (Fond du Lac County Case No. 2016CF115) from Fond du Lac County Circuit Court to this court. Dkt. No. 1. While the defendant did not attach a copy of the state criminal complaint, public records reflect that the State of Wisconsin has charged the defendant with an assault by a prisoner under Wis. Stat. §946.43(2m)(a) and disorderly conduct under Wis. Stat. §947.01(1). http://wcca.wicourts.gov (visited Dec. 6, 2017).

The defendant lists several grounds why this court should permit the removal. She argues proceeding in front of any judge in Fond du Lac county would result in a due process violation under the Fourteenth Amendment to the United States Constitution, because "the alleged 'victim' is the court baliff [sic] and friend of the judges of this circuit which makes the judge or any other

1

judge prejudice [sic] and non impartial as they would have a personal interest in the outcome/disposition." Dkt. No. 1 at 1. She also argues, in several different ways, that she was improperly convicted by the State of Wisconsin in a previous case, and that proceeding in federal court will prevent further constitutional violations and prosecutorial misconduct. Id. at 1-2.

Section 1455 of Title 28 of the United States Code outlines the steps that a defendant in a state court criminal case must take in order for a federal court to consider whether to remove the case:

> **(a) Notice of Removal.**–A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such actions.
>
> **(b) Requirements.**–(1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier . . . .
>
> (2) A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. . . .
>
> (3) The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.
>
> (4) The United States district court in which such notice is filed shall examine the notice promptly. If it clearly

appears on the face of the notice and any exhibits attached thereto that removal should not be permitted, the court shall make an order for summary remand.

(5) If the United States district court does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly and, after such hearing, shall make such disposition of the prosecution as justice shall require. If the United States district court determines that removal shall be permitted, it shall so notify the State court in which prosecution is pending, which shall proceed no further.

28 U.S.C. §1455.

Under the statute, this court must examine the notice of removal and order summary remand if "it appears on the face of the notice and any exhibits attached thereto that removal should not be permitted." 28 U.S.C. §1455(b)(4). The court notes that the defendant did not attach any exhibits to her notice of removal; §1455(a) requires the defendant to attach "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action[]" 28 U.S.C. §1455(a). Further, public records show that the Fond du Lac County Circuit court held an arraignment hearing on May 20, 2016; the defendant's November 28, 2017 notice of removal is untimely by roughly eighteen months under §1455(b)(1). http://wcca.wicourts.gov (last visited Dec. 6. 2017). These facts alone are enough to require the court to remand the case to state court.

The removal notice also is insufficient. The defendant correctly identified 28 U.S.C. §1455 as the statute that provides the *procedure* for removing state criminal cases to federal court. But "[s]ection 1455 merely provides the procedures that must be followed when removing a criminal case from state

3

court; it does not provide a criminal defendant with the right to do so." Illinois v. Sadder-Bey, No. 17-cv-4999, 2017 WL 2987159 (N.D. Ill. July 13, 2017). In order for this court to allow the removal, the defendant must point to some other statute that would permit or require her to move forward in federal court.

The defendant did not cite any such statutes, even though there are some. 28 U.S.C. §1442 and §1442a allow removal to federal court, but they apply to defendants who either are employed as federal officers or are members of the armed forces. These statutes do not help the defendant.

One other statute, 28 U.S.C. §1443, provides a basis for removal of state criminal actions. It provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the court of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. §1443.

The defendant cannot proceed under subsection (2) of this statute, because the Supreme Court has held that "the second subsection of s 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." City of Greenwood, Miss. v.

4

<u>Peacock</u>, 384 U.S. 808, 824 (1966). Again, the defendant is not a federal officer or agent, or a person authorized to act for a federal officer or agent.

Nor can the defendant proceed under subsection (1) of §1443. "A defendant who seeks to remove a case under §1443(1) must first show that her claim involves 'a right under any law providing for . . . equal civil rights.'" <u>Fenton v. Dudley</u>, 761 F.3d 770, 773 (7th Cir. 2014) (quoting 28 U.S.C. §1443(1)). In <u>Georgia v. Rachel</u>, the Supreme Court held that, for purposes of §1443(1), the phrase "law providing for equal civil rights" means "any law providing for specific civil rights stated in terms of racial equality." <u>Rachel</u>, 384 U.S. 780, 792 (1966). The Court explained that

> . . . broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under s 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that s 1443 demands.

<u>Id.</u> Here, the defendant cited only the due process clause of the Fourteenth Amendment in support of her request to proceed in federal court. Because <u>Rachel</u> forbids removing a state court criminal case on broad Fourteenth Amendment due process grounds, the defendant cannot remove her case under subsection (1) of §1443.

In sum, the defendant did not attach pleadings as required by §1455(a), did not timely file her notice under §1455(b)(1), and has not provided any

grounds under which removal would be proper.

The court **ORDERS** that the case is **SUMMARILY REMANDED** back to the circuit court of Fond du Lac County.

Dated in Milwaukee, Wisconsin this 13th day of December, 2017.

        **BY THE COURT:**

        **HON. PAMELA PEPPER**
        **United States District Judge**